LOUISVILLE & NASHVILLE RAILROAD COMPANY et al., Appellants,

v.

TENNESSEE PUBLIC SERVICE COMMISSION et al., Appellees.

Supreme Court of Tennessee.

Oct. 25, 1976.

Gareth S. Aden, Nashville, James L. Howe, III, Washington, D. C., John F. Smith, Louisville, Ky., David M. Keeble, F. Clay Bailey, Jr., Nashville, for appellants.

Eugene W. Ward, Thomas E. Midyett, Jr., Nashville, for appellees.

## OPINION

HARBISON, Justice.

This appeal is from an order of the Tennessee Public Service Commission requiring three railroad companies operating in the state to open certain interchanges and to establish joint rates in connection with intrastate shipments. The Chancellor affirmed the order of the Commission on petition for certiorari, and review of his decree is sought in this Court pursuant to the provisions of T.C.A. § 65–230.

The case was heard before the Commission upon oral testimony and documentary evidence. There were sharp conflicts in the testimony of the various witnesses.

Appellants, together with the Illinois Central Railroad Company, purchased segments of the abandoned line of the bankrupt Tennessee Central Railway Company. One of the disputed issues before the Commission was whether or not the purchasing railroad companies had adhered to certain commitments with respect to continuation of service and interchanges made by them in connection with the acquisition of the segments of abandoned lines. Other issues were presented as to whether or not the terms of emergency tariffs issued by the railroads in connection with the resumption of service over the abandoned segments of line had resulted in the imposition of unfair and discriminatory rates.

The Commission resolved the disputed issues against appellants, and the Chancellor, upon a review of the record, found that the conclusions and orders of the Commission were justified, particularly in view of "the conditions under which the three companies purchased the three sections of the old Tennessee Railway Company . . .."

Although certainly contrary conclusions could have been reached from the testimony introduced before the Commission, there is sufficient material evidence in the record supporting its conclusions as to foreclose any further review here of the disputed factual issues. The assignments of error pertaining to those issues are overruled.

Appellants have raised a legal question, however, as to the jurisdiction of the Commission to establish joint rates and to order the opening of interchanges on intrastate shipments. Although recognizing that the Commission has broad powers in connection with the fixing of rates and tariffs and in preventing discriminatory practices under T.C.A. §§ 65–501 et seq., appellants insist that the Commission has no authority to establish joint rates.

Appellants recognize that T.C.A. § 65–518 confers such authority upon the Commission with regard to public utilities in general. The statute provides:

"The commission shall have power after hearing upon notice, by order in writing, to fix just and reasonable individual rates, joint rates, tolls, fares, charges or schedules thereof, as well as commutation, mileage, and other special rates which shall be imposed, observed, and followed thereafter by any public utility as defined in § 65–401, whenever the commission shall determine any existing individual rate, joint rate, toll, fare, charge, or schedule thereof or commutation, mileage, or other special rates to be unjust, unreasonable, excessive, insufficient, or unjustly discriminatory or preferential, howsoever the same may have heretofore been fixed or established."

The defining section referred to, T.C.A. § 65–401, contains broad descriptions of en-

tities embraced within the term "public utility", and expressly included in the definition are all common carriers. T.C.A. § 65–402, however, provides that none of the provisions of Chapter 4, Title 65, "shall apply to any railroad . . .."

 Appellants base their contention upon this exclusionary language, and insist that since railroad companies are not subject to the provisions of Chapter 4, they are likewise not subject to the provisions of T.C.A. § 65–518 with respect to joint rates.

We are unable to agree with this interpretation of the statute. The reference to T.C.A. § 65–401 is simply for definitional purposes, and there is no question but that railroad companies are defined as public utilities in that section. The remaining portions of the chapter deal with special powers and duties of the Commission regarding utility companies other than railroads, but this does not remove railroad companies from the terms defining public utilities.

Several other chapters of Title 65 deal expressly with railroad companies, particularly Chapter 3 and Chapters 5 through 13. Railroads are not exclusively dealt with in Chapter 5, however, and it is clear that T.C.A. § 65–518 purports to give the Commission power over rates, including joint rates, of all public utilities, including railroads and transportation companies.

It will be recalled that Chapter 4 of Title 65 generally does not deal with the power of the Commission over railroad companies. T.C.A. § 65–405, however, contains the following language:

"In addition to the power conferred by this chapter on the commission it shall possess with reference to all public utilities within its jurisdiction *all the other powers conferred on the commission with reference to railroads or transportation companies as provided by chapters 3 and 5 of this title* . . .." (Emphasis added).

It thus seems irrefutable that the General Assembly considered that the provisions of Chapter 5, including those dealing with

joint rates, applied to railroads and other transportation companies.

We are of the opinion that the Commission and the Chancellor were correct in holding that the Commission had jurisdiction of the subject matter involved in this case and the authority to order joint rates on intrastate shipments.

The assignments of error of appellants are overruled and the judgment of the Chancery Court is affirmed at the cost of appellants.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.